## SAMES v. NAUER.

No. 10623.

Court of Civil Appeals of Texas. San Antonio.

Nov. 29, 1939.

Rehearing Denied Dec. 30, 1939.

Lon D. Herbert, of Alice, for appellant.

L. D. Griffin, of Alice, for appellee.

SLATTON, Justice.

H. E. Sames, doing business under the name of Alice Motor Sales Company, brought this suit against John Nauer, in the County Court of Jim Wells County, to recover the unpaid balance on a promissory note, plus interest and attorney's fees, and to foreclose a chattel mortgage lien securing the payment of said note against one automobile. John Nauer answered by general denial and alleged "that on or about the 14th day of October, 1938, when this defendant could not make on said debt one installment payment on said note and which was secured by lien on said automobile; said automobile was of the reasonable market value of $625.00, and that the plaintiff herein forceably took possession of said automobile and converted the value thereof to its own use and benefit and at which time this defendant only owed the plaintiff the sum of $508.69, and thereby damaged this defendant in the sum of $116.31."

A trial to the court resulted in a judgment denying a foreclosure of the lien and in favor of Nauer against Sames in the sum of $116.31 and costs. Sames appeals. ·

The appellant complains of the failure of the court to allow a recovery for the amount of the unpaid balance of the note, plus interest and attorney's fees, and foreclosure of the chattel mortgage lien, and that the evidence is insufficient to sustain the judgment accorded to Nauer upon his cross-action. There is some question in the minds of some of the Justices of this Court as to whether the cross-action of Nauer seeks a recovery for the value of the automobile or the sum of $116.31. However, the act of conversion pleaded by Nauer was a forceable taking of the automobile and the proof shows without dispute that the automobile was voluntarily turned over to the holder of the indebtedness by Nauer, the trial court so found. The trial court found that Sames had a legal right to repossess the car under the terms of the chattel mortgage, but evidently concluded that because Sames did not immediately advertise the car for sale under the terms of the mortgage he was thereby guilty of conversion.

If Sames had the legal right to repossess the car then he could not be guilty of forcibly taking possession thereof, which was specifically alleged by Nauer. It may be that on another trial facts may be pleaded and proved which in law amount to a conversion, occurring after the legal repossession by Sames, but such acts were not pleaded by Nauer on the trial in the court below. Therefore, we must sustain the appellant's complaint that the evidence does not support the allegations contained in Nauer's cross-action, and that the judgment entered thereon cannot stand.

In view of another trial, perhaps upon recast pleadings and a different record, we deem it unnecessary to pass on other questions raised by the appellant.

The judgment is reversed and the cause remanded.